IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO THIGPEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-663-NJR |
| | ) |
| DAN SPROUL,[1] | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Antonio K. Thigpen, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at United States Penitentiary – Marion, Illinois ("USP – Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (June 21, 2019), his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), should be vacated. (Doc. 1, p. 3).

To the extent he raises additional arguments under *Rehaif* in his supplement (Doc. 4), the Court **GRANTS** his motion to supplement. He also brings a claim pursuant to the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), arguing that his sentence was improperly enhanced due to a prior burglary charge which he alleges does not constitute a crime of violence.

---

[1] The current warden of USP-Marion is Dan Sproul. Thus, the Clerk is DIRECTED to substitute Dan Sproul in place of T.G. Werlick as the proper respondent.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[2] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## **The Petition**

Thigpen was convicted upon a plea of guilty in the Northern District of Iowa (Case No. 15-cr-102-LRR-MAR ("Criminal Case")), and sentenced on May 11, 2016 to 120 months' imprisonment for one count of felon in possession of a firearm and ammunition (Doc. 1, p. 2).

At sentencing, the parties disputed whether Thigpen's prior burglary conviction in Iowa constituted a crime of violence (Criminal Case, Docs. 26 and 28). The district court ultimately found that it qualified as a crime of violence, and Thigpen's advisory guideline range increased from 84-105 months to 121-151 months (Criminal Case, Doc. 28). *United States v. Thigpen*, 848 F.3d 841, 844 (8th Cir. 2017)). On appeal, the Eighth Circuit found that his prior conviction was not a crime of violence after *Mathis*, but that the miscalculation of the guideline range was harmless error (*Id.*). The district court did not depend solely on the guideline range in reaching the sentence and would have imposed the same sentence regardless of the guideline range (*Id.*). His request for remand for a sentence under the correct guidelines was denied, and his sentence was upheld.

Thigpen again argued that his prior conviction was not a crime of violence after *Mathis* in his Section 2255 motion filed with the Northern District of Iowa. *See Thigpen v. United States*, Case No. 18-cv-21-LRR-MAR (filed February 7, 2018) ("Section 2255"). Because Thigpen

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

attempted to relitigate his *Mathis* claim after it had already been decided by the Eighth Circuit on his direct appeal, the district court denied his Section 2255 motion (Section 2255, Doc. 3).

### *Rehaif* Claim

Thigpen claims that in his case, the Government failed to prove that he knew that he belonged to the category of persons (those with a prior felony conviction) who were prohibited from possessing a firearm, at the time he possessed a firearm.

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country).

Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Thigpen is not entitled to habeas relief. Without commenting on the merits of Thigpen's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

### *Mathis* Claim

Thigpen also argues that his Iowa third degree burglary charge does not constitute a crime of violence after *Mathis* and thus was improperly used to enhance his sentence guideline range from 84-105 to 121-151 months' imprisonment.

Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014); *see also Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have

4

been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

Thigpen was sentenced in 2016, well after the decision in *Booker*. He received the statutory maximum range of 10 years. 18 U.S.C. §924(a)(2). Further, Thigpen fails to demonstrate that he relies on a decision that he could not have invoked in a Section 2255 motion. In fact, the issue of whether Thigpen's prior conviction constituted a crime of violence after *Mathis* was raised on both his direct appeal and Section 2255 motion. Thus, he does not meet the qualifications for bringing a Section 2241 claim.

### Appointment of Counsel

Pursuant to this District's Amended Administrative Order 249, the Court appoints the Federal Public Defender's Office to the extent Thigpen raises a claim related to *Rehaif*. Counsel shall enter an appearance within 14 days. The Court sets the following briefing schedule in accordance with Amended Administrative Order 249: Thigpen's counsel will have 45 days from his or her entry of appearance to file either an amended habeas petition pursuant to *Rehaif* or a motion to withdraw. If Thigpen's counsel files a motion to withdraw, Thigpen will have 30 days from the date of service to respond to a motion to withdraw. The Government will then have 45 days to file a response to all of Thigpen's arguments. Thigpen will then have 30 days to submit a reply to the Governments response.

### Disposition

**IT IS HEREBY ORDERED** that pursuant to Amended Administrative Order 249, the Court **APPOINTS** the Federal Public Defendant's Office and **SETS** the briefing schedule as provided in this Order.

Respondent is also **DIRECTED** to respond as set forth in the briefing schedule provided in this Order. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The Clerk of Court is **DIRECTED** to send Petitioner a copy of Amended Administrative Order 249 (dated September 30, 2019).

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and the Respondent informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/18/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**