## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO K. THIGPEN,        )
        )
        **Petitioner,**      )
**vs.**        )     **Case No. 20-cv-663-DWD**
        )
**D. SPROUL, Warden,**      )
        )
        **Respondent.**     )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Antonio K. Thigpen pled guilty, without a plea agreement, to one count of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2) in the United States District Court for the Northern District of Iowa, Case No. 15-CF-102 (Doc. 1; Doc. 33). On May 11, 2016, Petitioner was sentenced to a 120-month term of imprisonment, to be followed by three years of supervised release (Doc. 1; Doc. 33). On July 8, 2020, while incarcerated at FCI-Greenville, Petitioner filed his Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence, relying on the Supreme Court's decisions in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) and *Mathis v. United States*, 136 S.Ct. 2243 (2016) (Doc. 1).

On August 18, 2020, the Court appointed the Federal Public Defender to evaluate Petitioner's claims (Doc. 7). Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on August 25, 2020 (Doc. 9) and on December 30, 2020 filed a Motion to Withdraw asserting that Petitioner's claims were not plausible (Doc. 18). On January 21,

2021, Petitioner filed a Motion to Expedite Proceedings, which the Court construed as a response to his counsel's Motion to Withdraw and an intention to stand on his arguments as presented in the July 8, 2020 Petition (Doc. 21).

Thereafter, Petitioner filed supplements to his Petition on February 11, 2021 (Doc. 22) and February 26, 2021 (Doc. 27). Respondent timely filed a Response (Doc. 33) to which Petitioner replied (Doc. 34). Having reviewed the briefing, and for the reasons delineated below, Attorney Skaggs' Motion to Withdraw (Doc. 18) will be granted, and Petitioner's Petition (Doc. 1) will be dismissed.

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner may only challenge his federal conviction or sentence under 28 U.S.C. § 2241 in very limited circumstances, such as the "savings clause" of 28 U.S.C. § 2255(e), which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

Section 2255 relief is inadequate "when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his

conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). Therefore, before relief under § 2241 becomes available, Petitioner must demonstrate the inability of a § 2255 motion to cure the alleged defect in their conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (Petitioner must show "something more than a lack of success with a section 2255 motion" before the savings clause is satisfied). Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so to trigger the savings clause:

> 1.      The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

> 2.      The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

> 3.      A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) and *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *see also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

## A.      *Rehaif* Claim

Petitioner asserts a claim based on the 2019 *Rehaif* opinion, in which the Supreme Court held, as a matter of statutory interpretation, that "in a prosecution under 18 U.S.C.

§ 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019); *United States v. Williams*, 946 F.3d 968, 970 (7th Cir. 2020).

Petitioner claims that the Government failed to prove that he knew he belonged to the category of persons (those with a prior felony conviction or unlawful user of a controlled substance) who were prohibited from possessing a firearm, at the time he possessed a firearm (Doc. 1). Petitioner argues generally that he is entitled to relief because the Government did not inform him that he had "any gun restrictions based upon his convictions", and that he was unaware that his occasional marijuana use prohibited him from possessing a firearm (Doc. 22; Doc. 27). Petitioner cites to *United States v. Cook*, 970 F.3d 866, 882-884 (7th Cir. 2020), where the Seventh Circuit remanded defendant's case for a new trial in light of *Rehaif*, finding that "there was "a reasonable probability that the outcome of the trial might have been different had the government been required to prove, and had the jury been required to find, that [defendant] knew he was an unlawful user or marijuana" especially when considering that "unlawful use" can require some evidence of regularity and contemporaneity opposed to isolated or sporadic use.

As to this claim, Respondent concedes that Petitioner has met the first two *Davenport* factors, namely that *Rehaif* is a statutory interpretation case made retroactive to cases on collateral review, and that if Petitioner had raised this issue in his first Section

2255 motion[1], the claim would have been foreclosed by then binding precedent (Doc. 33, pp. 9-10). However, Respondent asserts that Petitioner cannot meet the third element requiring a miscarriage of justice.

The Court agrees and finds that no reasonable juror could find that Petitioner was unaware that he had been previously convicted of a felony. As detailed throughout the briefing in this matter, and the underlying documents in Petitioner's Criminal Case 15-CF-102, Petitioner's claims of ignorance are not plausible, and do not support relief here. Indeed, at his change of plea hearing on January 15, 2016, Petitioner specifically admitted that he had been previously convicted of two felony offenses and was an unlawful user of marijuana when he was in possession of a firearm in October 2015. (Doc. 33-2, pp. 2-3, 19). As part of the guilty plea colloquy, the following exchange took place:

> THE COURT: Before I can recommend that Judge Reade accept your guilty plea, I also have to establish that there are facts which would support a conviction in this case. Count 1 of the indictment charges you with being a prohibited person in possession of a firearm. In order to convict you of that offense, the Government would have to prove three things. First, that on about October 12, 2015, here in the Northern District of Iowa, you knowingly possessed a firearm and ammunition; specifically, a semiautomatic Glock .40 caliber Model 23 pistol and Winnebago .40 caliber S&W ammunition. Do you understand -- I think I said Winnebago. I meant Winchester. Do you understand the first thing the Government would have to prove?
>
> DEFENDANT THIGPEN: Yes, Your Honor.

---

[1] Prior to the instant § 2241 Petition, Petitioner challenged his sentence on a direct appeal. *See United States v. Thigpen*, 848 F.3d 841 (8th Cir. 2017) (affirming judgment and sentence). Petitioner also filed a motion pursuant to 28 U.S.C. § 2255 which was denied on April 30, 2019. *Thigpen v. United States*, No. 18-CV-21 (N.D. Iowa).

THE COURT: Did you knowingly possess that firearm and ammunition that I've described here in the Northern District of Iowa on October 12, 2015?

DEFENDANT THIGPEN: Yes, Your Honor.

THE COURT: The second thing the Government would have to prove is that you were prohibited from possessing a firearm and ammunition on that date. In this case, it's alleged that you were prohibited for two reasons. First, that you had been previously convicted of an offense punishable by a term of imprisonment exceeding one year. In fact, the Government alleges two prior convictions; burglary in the third degree in Linn County in 2010 and possession with intent to deliver a controlled substance in Linn County later in 2010. The Government also asserts that you were prohibited from possessing a firearm and ammunition on October 12, 2015, because at that time you were an unlawful user of marijuana, a Schedule I controlled substance. Do you understand the second thing the Government would have to prove?

DEFENDANT THIGPEN: Yes, Your Honor.

THE COURT: Were you convicted of those two felony offenses in Linn County that I've described?

DEFENDANT THIGPEN: Yes, Your Honor.

THE COURT: And were you an unlawful user of marijuana when you were in possession of this firearm in October of 2015?

DEFENDANT THIGPEN: Yes, Your Honor.

THE COURT: The third thing the Government would have to prove is that the firearm and ammunition which were in your possession at that time had crossed a state line. The Government does not have to prove that you brought them across a state line. It only has to prove that they came across a state line at some point in their existence prior to your possession of them on October 12, 2015. Do you understand the third thing the Government would have to prove?

DEFENDANT THIGPEN: Yes, Your Honor.

THE COURT: Is it your understanding that this Glock pistol and Winchester ammunition would have crossed a state line at some point prior to your possession of them on October 12, 2015?

DEFENDANT THIGPEN: Yes, Your Honor.

(Doc. 33-1; pp. 3-4).

Petitioner's claims that he did not know he was a "prohibited person" are simply not plausible considering his admissions made during his plea colloquy and the multiple terms of imprisonment he served which were longer than one year. *See United States v. Williams*, 946 F.3d 968 (7th Cir. 2020) (Finding that defendant "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year" when he spend twelve years of his life in prison); *see also United States v. Maez*, 960 F.3d 949, 967 (7th Cir. 2020) ("Post-*Rehaif*, we have clarified that the government need not show that the defendant knew his status prohibited him from possessing a firearm, but simply that he held the status.").

Petitioner's remaining arguments, namely his claims that he was unaware his two felony offenses and marijuana use prohibited him from possessing a firearm and ammunition, are best construed as an ignorance-of-the-law defense, which is not supported by the *Rehaif* opinion. Indeed, as one district court persuasively reasoned:

> *Rehaif* requires only that the government establish the defendant knew he belonged to a class of individuals listed in § 922(g); not that he knew that class of individuals was prohibited from possessing firearms. Essentially knowing one's status as a felon is distinct from knowing that individuals with prior felony convictions are prohibited from possessing firearms under federal law. *See United States v. Hawkins*, No. 18-20155-1, 2020 WL 206465, at *4 (E.D. Mich. Jan. 14, 2020). Only where a person lacks knowledge as to his status as a convicted felon would habeas relief be available under *Rehaif*. Accordingly, '*Rehaif* did not graft onto § 922(g) an

7

> ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code' prohibiting him from possessing a firearm. *Bowens*, 938 F.3d at 797. Ignorance of the law or a mistake of law is not a viable defense. *See Cheek v. United States*, 498 U.S. 192, 199 (1991).

*United States v. Sargent*, 2020 WL 2085088, at *3 (E.D. Mich. Apr. 30, 2020); *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), cert. denied sub nom. *Hope v. United States*, 140 S.Ct. 814 (2020), and cert. denied, 140 S. Ct. 2572 (2020) ("[U]nder § 922(g)(3), the Government arguably must prove that defendants knew they were unlawful users of a controlled substance, but not, as defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law); *in accord Cook*, 970 F.3d 866 at 880 (citing *Maez*, 960 F.3d at 949).

While, the Seventh Circuit has acknowledged that this knowledge requirement is less straightforward in states where marijuana use is legal as a matter of state but not federal law, *see Cook*, 970 F.3d at 882-83 (7th Cir. 2020), Petitioner's affirmative statements in his plea colloquy show that he was aware he was an unlawful user of marijuana in October 2015. Regardless, the evidence of record demonstrates that there is no doubt that Petitioner had knowledge of his felon status at the time of his conviction (*See* Doc. 33-1; Doc. 33-2). Thus, if the *Rehaif* standard had applied at the time of Petitioner's conviction, ample proof existed to show that he knew he was in the category of persons who were prohibited from possessing a firearm at the time of his offense. *See Rehaif*, 139 S. Ct. at 2200; *Maez*, 960 F.3d at 967 (evidence including defendant's stipulation of previous felony conviction permitted jury to infer beyond a reasonable doubt that defendant knew he was a felon); *Benson v. Marske*, No. 19-cv-644, 2019 WL 6683508, at *2 (W.D. Wisc. Dec. 6,

2019) (habeas petitioner did not deny he knew he had been convicted of a felony at the time he possessed a firearm and in fact stipulated he was a felon).

Therefore, Petitioner cannot show that his conviction or sentence for being a felon in possession of a firearm represents a "miscarriage of justice" that would entitle him to habeas relief in light of the *Rehaif* opinion, and this claim must fail.

## B. *Mathis* Claim

Petitioner also argues that his Iowa third degree burglary charge does not constitute a crime of violence after *Mathis*, and thus was improperly used to enhance his sentence guideline range from 84-105 to 121-151 months' imprisonment (Doc. 1). However, as the Court noted in its August 18, 2020 Order:

> Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014); *see also Hawkins v. United State*s, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).
>
> Thigpen was sentenced in 2016, well after the decision in *Booker*. He received the statutory maximum range of 10 years. 18 U.S.C. §924(a)(2). Further, Thigpen fails to demonstrate that he relies on a decision that he could not have invoked in a Section 2255 motion. In fact, the issue of whether Thigpen's prior conviction constituted a crime of violence after *Mathis* was raised on both his direct appeal and Section 2255 motion. Thus, he does not meet the qualifications for bringing a Section 2241 claim.

(Doc. 7).  Nothing in Petitioner's briefing alters this initial analysis, and the Court finds that Petitioner's *Mathis* claim must also fail.

<u>**Conclusion**</u>

For the above-stated reasons, Assistant Federal Public Defender G. Ethan Skaggs' Motion to Withdraw (Doc. 18) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate the appointment of the Office of the Federal Public Defender and Attorney Skaggs.

Petitioner Antonio K. Thigpen's Petition (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000); *see also* 28 U.S.C. § 2253.  If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4.

**SO ORDERED.**

Dated:  July 14, 2021

_____
DAVID W. DUGAN
United States District Judge